UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA ELIZABETH SIEGLER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SORRENTO THERAPEUTICS INC., et al.,<br><br>Defendants. | Case No.: 3:18-CV-1681-GPC-NLS<br><br>**ORDER REGARDING PLAINTIFFS' WAIVERS OF SERVICE OF PROCESS AND REQUEST FOR SERVICE OF PROCESS**<br><br>**[ECF No. 6.]** |

On September 4, 2018, pro se Plaintiffs Sara Elizabeth Siegler and Ohio sole proprietorship number 2029865 (collectively, "Plaintiffs"), requested this Court to effect service of process on three defendants—Prospect Chartercare RWMC LLC, Steven C. Katz, and the Board of Directors of Sorrento Therapeutics, Inc. (collectively, the "non-waiving Defendants"). (ECF No. 6.) According to Plaintiffs, requests for waiver of service of process were sent to all defendants in the above-captioned matter on July 28, 2018, and followed-up by hard copies mailed out on July 29, 2018. Seven defendants timely waived service, but the remaining three—i.e., the non-waiving Defendants, did not do so. It is on this basis that Plaintiffs seek to have the Court order service on the non-waiving Defendants pursuant to Federal Rule of Civil Procedure 4(c)(3).

Plaintiffs articulated their request in a document titled "Waivers of Service of Process and Request for Service of Process." (*Id.*) Although the document was out of compliance with local rules governing ex parte motions, Civil Local Rule 83.3(g)(2), and rules requiring a notice of motion accompanied by a Memorandum of Points and Authorities in support, *id.* 7.1(f)(1), the Court has accepted the document as a discrepancy (ECF No. 5), in light of plaintiff's pro se status, and to permit the Clerk to file the attached waivers of service returned executed to the docket. (ECF Nos. 7, 8, 9.)

To the extent, however, that Plaintiffs intended ECF entry #6 to serve as a motion to request the Court to effect service on the non-waiving Defendants, the Court will not grant the request.

Federal Rule of Civil Procedure 4(c)(3) provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." FED. R. CIV. P. 4(c)(3). The rule states that "[t]he court must so order if the plaintiff is authorized to proceed in forma pauperis," or "as a seaman," but otherwise, barring those two scenarios, a court's decision to order service on behalf of a plaintiff is discretionary. *Id.*; *see also Yates v. Baldwin*, 633 F.3d 669, 672 (8th Cir. 2011) (noting that the election to order service pursuant to Fed. R. Civ. P. 4(c)(3) is discretionary with the court).

Plaintiffs are neither seamen nor proceeding in forma pauperis. As such, the Court's determination with respect to Rule 4(c)(3) is discretionary.

The Federal Rules of Civil Procedure place the primary burden of effecting service on the plaintiff, not the Court. Rule 4(c)(1) states that, "In General . . . . The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." The plaintiff might, at his or her election, request a waiver of service from the defendant pursuant to Rule 4(d)(1). At that point, the defendant could execute a waiver, or he or she might insist on service. Under Rule 4(d)(2), a defendant who refuses to sign and return a request for waiver without good cause could be ordered to pay the plaintiff (1)

2

expenses incurred in making service and (2) reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

However, just because a defendant refuses to waive service does not mean that the Court is then obligated to direct the US marshal, or a specially-appointed individual, to effectuate service on behalf of the plaintiff. The Court has not received any indication that Plaintiffs would encounter resistance to service—as opposed to resistance to a request for waiver of service—if Plaintiffs were to attempt to carry out service with respect to the non-waiving Defendants. Accordingly, the Court finds that the proper recourse for Plaintiffs is to carry out service pursuant to Rule 4(c)(1) and then to seek costs pursuant to Rule 4(d)(2).

Because Plaintiffs bear primary responsibility for effecting service, and because they have not shown why they cannot effectuate service themselves, the Court will decline to exercise its discretion to order service upon the non-waiving Defendants. Plaintiffs' request is therefore **DENIED**. Plaintiffs are advised to effectuate service on their own behalf, and according to the time limits specified in Federal Rules of Civil Procedure 4(m).

**IT IS SO ORDERED.**

Dated: September 17, 2018

Hon. Gonzalo P. Curiel
United States District Judge