UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA ELIZABETH SIEGLER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SORRENTO THERAPEUTICS INC., et al., <br><br> Defendants. | Case No.: 3:18-CV-1681-GPC-NLS <br><br> **ORDER REGARDING PLAINTIFF'S OMNIBUS MOTION** <br><br> **[ECF No. 46.]** |

Before the Court is pro se Plaintiff Sara Elizabeth Siegler's ex parte motion, filed nunc pro tunc October 5, 2018. (ECF No. 46.) Plaintiff makes a number of requests: (1) to change venue; (2) to continue the hearings on the defendants' motions to dismiss (ECF Nos. 18, 19); (2) to re-set the briefing deadlines set by the Court with respect to those motions; (3) to grant Plaintiff permission to submit her filings electronically or through facsimile; (4) for permission to file opposition memoranda in excess of 25 pages; (5) and for leave to file a Second Amended Complaint. The Court will address these issues in turn.

**I.  Request for Change of Venue**

Plaintiff has requested a change of venue because she "question[s] [her] ability to receive both fair treatment and /or a fair trial before this Court." (ECF No. 46, at 7.)

Plaintiff's fear of unjust treatment by this Court is predicated on a misunderstanding about the procedures used to set a motion hearing date. As such, Court will not grant the request for a change of venue.

Plaintiff suggests that there has been some kind of impropriety with respect to the setting of the motion hearing dates for defendants Sorrento Therapeutics, Inc., TNK Therapeutics, Inc., BDL Products, Inc., CARgenix Holdings LLC, and Henry Ji (collectively, the "Sorrento Defendants")'s motion to dismiss (ECF No. 18), and defendant Tufts Medical Center's motion to dismiss (ECF No. 19). Specifically, Plaintiff queries how defense counsel knew that the hearing date had been set for November 30, 2018, two days prior to the entry of the Court's scheduling orders. (ECF No. 46, at 7.) She also states that she had never consented to a hearing date of November 30, 2018, nor to a responsive pleading deadline of October 11, 2018, as prescribed in the Court's scheduling orders. (*See* ECF Nos. 33, 34.) The implication is that the Court had engaged in impermissible ex parte communications with defense counsel to secure a hearing date and briefing schedule adverse to her interests, warranting a change of venue.

Plaintiff can rest assured that nothing untoward has occurred with respect to the defendants' motions to dismiss. Lest there be any mystery as to how defense counsel divined the motion hearing date ahead of the Court's scheduling order, the Court directs Plaintiff to the Civil Local Rules.[1] Rule 7.1.e.1 provides that the moving party for any noticed motion must secure, prior to filing, a motion hearing date from the law clerk of the judge to whom the case is assigned. CIV. LR 7.1.e.1. Consistent with Rule 7.1.e.1, prior to filing their clients' motions to dismiss, defense counsel in this case called chambers, obtained the November 30, 2018 hearing date from a law clerk, and presumably notified Plaintiff of the anticipated hearing date, before the docket had updated to reflect the Court's orders setting the same.

---

[1] Available at https://www.casd.uscourts.gov/Rules/SitePages/LocalRules.aspx.

The non-moving party (i.e., Plaintiff) receives notice of the hearing date by virtue of the moving party's (i.e., the defendants') notice of motion. The local rules do not obligate either the Court or the moving party to consult with the non-moving party with respect to the setting of a motion hearing date, or the institution of any filing deadlines. Instead, the scheduling of hearings and briefing deadlines are inherent in the Court's authority and prerogative to manage its docket. *See, e.g.*, *Atchinson, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) (There is a "well established" principle that "[d]istrict courts have inherent power to control their dockets." (internal quotation marks omitted)).

The Court reaffirms that the scheduling orders in this case were properly drawn, and not designed to frustrate the Plaintiff's interest in responding to defendants' motions to dismiss. No change of venue is warranted, and Plaintiff's request is denied.

## II. Requests to Re-set the Hearing Date, to Extend Response Brief Deadlines, and to file Response Briefs in Excess of Page Limits

Where, as here, a party seeks relief from the Court's scheduling order, that party is free to apply to the Court for an extension of time to file or for a continuance of a hearing. Plaintiff has correctly availed herself of this option by asking the Court to extend her response brief deadlines and to continue the November 30, 2018 hearing date accordingly. (ECF No. 46, at 7–14.)

However, before the Court was able to rule on these requests,[2] Plaintiff furnished responses to both motions to dismiss. (ECF Nos. 48, 50.) Because Plaintiff has submitted her responses in conformity with the Court's original scheduling order, the Court will deem moot her request for extensions of time. Further, Plaintiff's response

---

[2] Plaintiff's ex parte motion was received by the Clerk's office on October 5, 2018 and forwarded to the Court on October 9, 2018 upon a discrepancy notice indicating that the motion was not compliant with Civil Local Rule 5.1. (ECF No. 45.) As a consequence, the motion was not filed to the docket until October 11, 2018.

briefs total a combined thirty-eight (38) pages and therefore exceed the twenty-five (25) page limit prescribed by the local rules for opposition memoranda submitted on the same motion day for the same party. CIV. LR 7.1.h. Because Plaintiff has requested leave to so file (ECF No. 46, at 15), and finding good cause, the Court will grant leave for Plaintiff to proceed on the excess briefs.

Finally, the Court understands that Plaintiff's request to continue the hearing was animated by Plaintiff's desire for additional time to draft her response briefs. (ECF No. 46, at 13–14.) Seeing that Plaintiff was able to furnish her response briefs in time, and seeing no other reasons to re-set the previously-scheduled motion hearing date, the Court will accordingly deny the request to continue the hearing set for November 30, 2018 as moot. The Court is prepared to revisit this ruling if Plaintiff submits another motion indicating why that hearing date is not practicable.

### III. Request for Leave to File a Second Amended Complaint

Plaintiff also seeks leave to file a Second Amended Complaint. (ECF No. 46, at 15.) That request appears to be opposed, at least by some defendants. (*See id.*, at 20 (Email from counsel for the Sorrento Defendants, dated September 26, 2018).)

In light of the pending motions to dismiss, which would be mooted by granting leave to amend, the Court will defer ruling on Plaintiff's motion for leave to amend, and set the Motion for Leave to file a Second Amended Complaint for hearing on the same date as the motions for dismiss—i.e., November 30, 2018. Defendants must file any response brief no later than October 29, 2018, and Plaintiff must file any reply brief thereto no later than November 5, 2018.

### IV. Request for Alternate Form of Document Submission for Filing by the Clerk of Court

Plaintiff has also asked this Court to permit her to submit filings via email or by facsimile. (ECF No. 46, at 14.) The Court cannot grant the request as such, but will grant permission for Plaintiff to access the CM/ECF system. The Case Management / Electronic Case Files system, referred to generally as CM/ECF, allows registered users to

electronically file documents with the court and allows the court to issue orders and notices. Plaintiff is directed to review Civil Local Rule 5.4[3] and the Southern District of California's Electronic Case Filing Administrative Policies and Procedures.[4] The Clerk's Office can provide required training on the CM/ECF system.

## CONCLUSION

Having considered Plaintiff's ex parte motion, the Court:

(1) **DENIES** the motion for a change of venue;

(2) **DENIES** as moot the motion for extensions of time to file response briefs;

(3) **GRANTS** the motion for leave to file response briefs in excess of 25 pages;

(4) **DENIES** the motion to re-set the hearing set for November 30, 2018 on defendants' motions to dismiss (ECF Nos. 18, 19);

(5) **GRANTS** in part and **DENIES** in part the motion for an alternative form of document submission. The Court **ORDERS** that Plaintiff be granted permission to file on CM/ECF. Plaintiff is **DIRECTED** to review the manuals cited in this Order so that she might submit filings to the docket electronically via CM/ECF;

(6) **ORDERS** that Plaintiff's motion for leave to file a Second Amended Complaint be scheduled for hearing on **November 30, 2018**, at 1:30 p.m., in Courtroom 2D. Any response shall be due **October 29, 2018**; any reply shall be due **November 5, 2018**.

**IT IS SO ORDERED.**

---

[3] Available at https://www.casd.uscourts.gov/Rules/SiteAssets/SitePages/LocalRules/Local%20Rules%202018.pdf.

[4] Available at https://www.casd.uscourts.gov/CMECF/Lists/Policies%20and%20Procedures/Attachments/8/CASDPolicies_09-24-2018.pdf.

1  Dated: October 16, 2018

Hon. Gonzalo P. Curiel
United States District Judge