UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA ELIZABETH SIEGLER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SORRENTO THERAPEUTICS INC., et al.,<br><br>Defendants. | Case No.: 3:18-CV-1681-GPC-NLS<br><br>**ORDER REGARDING PLAINTIFF'S SECOND OMNIBUS MOTION AND PLAINTIFF'S NOTICE OF DISCREPANCIES**<br><br>**[ECF Nos. 60, 62.]** |

Before the Court is pro se Plaintiff Sara Elizabeth Siegler's ex parte motion, titled "omnibus motion," filed nunc pro tunc October 30, 2018. (ECF No. 62, "second omnibus motion".) Plaintiff has made a number of requests: (1) to permit her to withdraw, and then re-file her responses to defendants' motions to dismiss; (2) to continue the hearing date on defendants' motions to dismiss and her motion for leave to file a second amended complaint; (3) to particulate remotely in any hearings then held, and (4) for default judgment. Plaintiff has also filed a document entitled "Notice of Discrepancies," which the Court construes as a motion for leave to file a supplemental document to her First Amended Complaint. (ECF No. 60.) The Court will address the issues presented by all these filings in turn.

## I. Motion for Leave to Re-File Response Briefs and to Continue Hearing Date as to Motions to Dismiss

Plaintiff previously submitted a motion, dated nunc pro tunc, October 5, 2018 (ECF No. 46, "first omnibus motion") asking for an extension on her deadline to file her response briefs to defendants Sorrento Therapeutics, Inc., TNK Therapeutics, Inc., BDL Products, Inc., CARgenix Holdings LLC, and Henry Ji's motion to dismiss (ECF No. 18), and defendant Tufts Medical Center's motion to dismiss (ECF No. 19). For a number of reasons, Plaintiff's motion was not registered to the docket until October 11, 2018, the date of the original deadline for Plaintiff's responses. Because Plaintiff's first omnibus motion addressed a large number of issues, the Court was not able to address her requests until it issued an order on October 16, 2018 (ECF No. 51). By that time, Plaintiff had submitted two response briefs to the docket. (ECF Nos. 48, 49.) Because the Court observed that Plaintiff had successfully met the original deadline, the Court denied as moot her request for an extension of time.

Plaintiff now seeks reconsideration of that ruling, stating that she had sent in rushed and incomplete response briefs so as to meet the original deadlines in the absence of a court order extending the same. She moves for leave to withdraw her previously-filed briefs and to obtain additional time to work on them more fully, and asks for the Court to continue the motion hearing date for defendants' motions.

The Court will grant Plaintiff's requests for good cause, and accordingly set the amended briefing schedule on ECF Nos. 18 and 19 as follows:

- The deadline for any response briefs to both motions will be **January 11, 2019**.
- The deadline for any reply briefs will be **January 25, 2019**.[1]

---

[1] The Court notes that Defendants have already submitted their reply briefs (ECF No. 52, 53) and several notices of joinder (ECF Nos. 54, 55, 56, 57). Given the Court's decision to allow Plaintiff to withdraw and refile, the Court will extend leave to withdraw and refile any reply briefs as well.

- The new motion hearing date for both motions to dismiss will be **February 15, 2019**.

### II.  Motion for an earlier hearing date on Plaintiff's motion to file a second amended complaint

Plaintiff's first ex parte omnibus motion also sought leave to file a second amended complaint (ECF No. 46, at 15).  Since that request came after defendants had already submitted their motions to dismiss the First Amended Complaint (ECF No. 3), the Court—for the sake of judicial economy and convenience of the parties—set Plaintiff's motion for leave to amend for a hearing on the same date as defendants' motions to dismiss.

Plaintiff seeks reconsideration of that ruling, arguing that her motion for leave to file a second amended complaint should be heard on an earlier date than the dispositive dismissal motions.  (ECF No. 62, at 21.)  She cites *Runnion v. Girl Scouts of Greater Chicago and Nw. Indiana*, 786 F.3d 510 (7th Cir. 2015), for the proposition that the Court cannot set both motions on the same day because in doing so "[t]he Court risks a situation where a judgment dismissing the case may be entered without leave to amend being afforded to Plaintiffs, which would almost certainly be grounds for appeal." (*Id.*) Plaintiff misreads *Runnion*, which did not address the propriety of a district court's decision to set two motions on the same motion hearing day, but rather, warned against the mischief that ensues when district courts "take[s] the unusual step of entering *judgment* at the same time it dismisses the complaint." *Id.* at 521 (emphasis added).

There is little danger that the Court will, as was the case in *Runnion*, enter judgment on the same day that it rules on the pending motions to dismiss.  In any event, the Court is prepared to hear both parties' arguments on defendants' motion to dismiss, as well as Plaintiff's motion.  The decision to hear both motions on the same day does not preclude the Court from granting Plaintiff her requested relief, even in the event that defendants were to prevail on their motions to dismiss.  In fact, courts, including this one, routinely grant leave to amend (when appropriate under Rule 15(a)) when they rule on

motions to dismiss. *See, e.g.*, *Little v. Gore*, 148 F. Supp. 3d 936, 952 (S.D. Cal. 2015); *Tapia v. Davol, Inc.* 116 F. Supp. 3d 1149, 1159 (S.D. Cal. 2015).

Accordingly, the Court will not set the motion hearing date for Plaintiff's motion for leave to file a second amended complaint for a different date than the hearing date set for defendants' motions to dismiss. Given the continuation of the latter date, the hearing date for Plaintiff's motion is also hereby set for **February 15, 2019**. Defendants have already filed a response in opposition (ECF No. 58). As such, the Court will require the Plaintiff to file her reply, if any, by **November 20, 2018**.

### III. Request for Remote Hearing

Plaintiff has sought to participate in any motion hearing telephonically. The Court will grant that request and order that the hearing schedule for February 15, 2019, shall be conducted via teleconference. The Plaintiff is ordered to contact chambers a week prior to the scheduled hearing date to coordinate such a hearing.

### IV. Request for Default Judgment against the Board of Directors of Sorrento Therapeutics, Inc.

Plaintiff has also moved this Court for default judgment against a defendant named in the complaint as the Board of Directors of Sorrento Therapeutics, Inc. However, she has not yet secured an entry of default from the Clerk, which she is required to do before she can move for default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (discussing the sequential two-step process under Federal Rule of Civil Procedure 55); *see also Duyen Kwong v. Santa Clara Cnty. Sheriff's Office*, No. 17-CV-02127-BLF, 2017 WL 8294176, at *1 (N.D. Cal. Sept. 7, 2017) (denying motion for default judgment "because Plaintiff did not secure an entry of default by the Clerk" as required by Fed. R. Civ. P. 55(a)). The request **is denied.**

### V. Plaintiff's "Notice of Document Discrepancies"

On October 23, 2018, the Clerk's Office received a document from Plaintiff entitled "Notice of Discrepancies." (ECF No. 60). Therein, Plaintiff seeks to notify the Court of certain "document discrepancies that follow in the table below . . . for the above

4

3:18-CV-1681-GPC-NLS

captioned case." (*Id.*) The Court, by way of a discrepancy (ECF No. 59), construed the document as a request to file supplemental documents to her complaint, and the Court hereby **grants** the request.

The first item in Plaintiff's table refers to an exhibit attached to her First Amended Complaint—i.e., the June 26, 2018 Response Letter from the USPTO (ECF No. 3, at 95). Plaintiff indicates that the exhibit is missing a cover page, and the second page of letter. The Court takes notice that the document is to be understood as "Exhibit 4", but is unsure what Plaintiff means when she states that the second page of the Response Letter is missing. Indeed, it appears that page 96 of Plaintiff's First Amended Complaint is the second page of the June 26, 2018 response letter.

The second item refers to another exhibit that should have been affixed to her First Amended Complaint—i.e., a November 10, 2015 Cease and Desist Letter. Plaintiff indicates that the missing exhibit was previously filed as Exhibit 4 in connection with her original complaint (ECF No. 1-6). The Court will grant Plaintiff's motion for supplemental filings such that the supplemental filing will be construed as incorporating by reference Exhibit 4 of the original complaint.

### VI. Plaintiff's Ex Parte Communications generally

Plaintiff has previously filed a number of ex parte communications to the Court seeking various forms of relief without first obtaining a hearing date. (*See, e.g.*, ECF No. 46 (seeking, *inter alia*, a change of venue)). The Court, at its discretion and in light of Plaintiff's pro se status, has permitted Plaintiff to file those requests to the docket and considered them, even though Plaintiff has not followed the procedures in the Civil Local Rules prescribing the requirements for filing ex parte motions. CivLR 83.3(g)(2) (requiring an ex parte motion to be submitted with an affidavit or declaration detailing why the notice of the motion could not have been made to the opposing party). Filing a motion ex parte pursuant to Local Rule 83.3(g) allows a party filing a motion to seek relief from default rule that "all hearing dates for any matters on which a ruling is

5

3:18-CV-1681-GPC-NLS

required must be obtained from the clerk of the judge to whom the case is assigned." CivLR 7.1(b).

On this point, it is worth clarifying some misconceptions regarding the Court's procedures evinced by Plaintiff in her second omnibus motion. Specifically, Plaintiff chafes under the Court's chambers rules, as well as the Southern District of California's Civil Local Rules. (ECF No. 62, at 16 n.11, 45 (calling the local rules "ridiculous")). Plaintiff objects that she should not have to follow the local rules, which require her to obtain a hearing date before filing any motions, because the Federal Rules of Civil Procedure do not require her to do so, and because "[t]he FRCP trump the CivLR of this Court." (ECF No. 62, at 16 n. 11.)

As the Supreme Court has long recognized, a district court's local rules are not petty requirements, but have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (quoting *Weil v. Neary*, 278 U.S. 160, 169 (1929)). Because the local rules supplement the Federal Rules of Civil Procedure, they "are binding upon the parties and upon the court," and in fact, "a departure from local rules that affects substantial rights requires reversal." *Professional Programs Group v. Department of Commerce,* 29 F.3d 1349, 1353 (9th Cir.1994) (internal quotation marks omitted). Pro se litigants are just as bound to follow procedural rules as lawyered parties. *See Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir. 1996) ("Although pro se, he is expected to abide by the rules of the court in which he litigates.")

This is not to say, however, that the Court will not exercise its discretion to excuse a pro se litigant's harmless noncompliance with such rules. Nor does it mean that the Court does not apply a liberal standard with respect to pro se filings. As mentioned, this Court has repeatedly overlooked procedural issues attendant to Plaintiff's filings by publishing them to the docket with discrepancies. (*See* ECF Nos. 5, 40, 45). However, the Court advises Plaintiff that she must endeavor to comply with the Local Rules to the best of her ability. This includes obtaining a motion hearing date *prior* to filing her noticed motions. To the extent Plaintiff has not yet registered for electronic filing on

6

CM/ECF for same day filing, as permitted by the Court by its October 15, 2018 order, she may comply with the applicable rules by post-marking her motion papers on the same day which she obtains a hearing date from a law clerk in chambers.

Plaintiff is advised that failure to abide by the Local Rules could result in the future rejection of non-compliant filings.

## CONCLUSION

Having considered Plaintiff's second omnibus motion and her motion for leave to file supplemental document, the Court:

(1) **GRANTS** Plaintiff's request for leave to withdraw and refile her response briefs to Defendants' motions to dismiss and accordingly **SETS** the motions for hearing on **February 15, 2019.** Plaintiff's new response briefs are due no later than **January 11, 2019**, and any reply from Defendants may be refiled no later than **January 25, 2019**;

(2) **DENIES** Plaintiff's request to segregate the motion hearing date for her motion for leave to file a second amended complaint from the date set for defendants' motions to dismiss. The hearing for Plaintiff's motion for leave to amend shall also be **February 15, 2019.** Plaintiff's reply on the matter is due no later than **November 20, 2018**;

(3) **GRANTS** the motion for telephonic hearings and **DIRECTS** Plaintiff to contact chambers at least one week before the scheduled hearing date to arrange for such measures;

(4) **DENIES** the motion for default judgment against the Board of Directors for Sorrento Therapeutics, Inc.;

(5) **GRANTS** Plaintiff's request for leave to file supplemental documents to her First Amended Complaint.

**IT IS SO ORDERED.**

Dated: October 31, 2018

Hon. Gonzalo P. Curiel
United States District Judge

7

3:18-CV-1681-GPC-NLS