UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA ELIZABETH SIEGLER and Sara Elizabeth Siegler,<br><br>Plaintiffs,<br><br>vs.<br><br>SORRENTO THERAPEUTICS, INC., TNK THERAPEUTICS, INC., BDL PRODUCTS, INC., CARGENIX HOLDINGS LLC, TUFTS MEDICAL CENTER, PROSPECT CHARTERCARE ROGER WILLIAMS MEDICAL CENTER LLC, HENRY JI, RICHARD PAUL JUNGHANS, STEVEN C. KATZ, and THE BOARD OF DIRECTORS OF SORRENTO THERAPEUTICS, INC.,<br><br>Defendants. | CASE NO. 3:18-cv-01681-GPC-NLS<br><br>**ORDER**<br><br>**[ECF No. 65.]** |

## **<u>INTRODUCTION</u>**

On November 5, 2018 pro se Plaintiff Sara Elizabeth Siegler[1] filed a motion requesting (1) leave to be exempt from the obligation to deliver courtesy copies to

---

[1] For ease of reference, the Court will refer to both named Plaintiffs in the above-mentioned case as "Plaintiff."

the court, as required under the applicable CM/ECF rules and (2) reconsideration of parts of the Court's order dated October 31, 2018 (EF No. 63).[2]

## DISCUSSION

With respect to the first part of the motion, the Court **GRANTS** Plaintiff's request for an exemption, and orders that she may fulfill her courtesy copy obligations by emailing the requisite documents to the chambers e-file, efile_curiel@casd.uscourts.gov.

Plaintiff's request for reconsideration pertains to the Court's decision (1) to set Plaintiff's motion for leave to amend her complaint for hearing for February 15, 2019, and (2) denying Plaintiff's motion for entry of clerk's default, and for default judgment against the Board of Directors of Sorrento Therapeutics, Inc. (ECF No. 65.) The request for reconsideration is **DENIED** as to both items.

In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." *See Shaw v. Experian Info. Sols., Inc.*, No. 13-CV-1295 JLS (BLM), 2016 WL 7634441, at *1 (S.D. Cal. Apr. 4, 2016) (citing Civ. L.R. 7.1(i)(1).). "The moving party must provide an affidavit setting forth, *inter alia*, new or different facts and circumstances which previously did not exist." *Id.* The decision on a motion for reconsideration lies in the Court's sound discretion. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enter. Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

Plaintiff has failed to support her motion for reconsideration by affidavit. Nor has she indicated what new or different facts and circumstances would warrant reconsideration. Thus, reconsideration is not warranted on either issue.

---

[2] Plaintiff also requested the Court direct the Clerk to re-upload certain exhibit pages which were erroneously omitted from her Amended Complaint (ECF No. 3.) The Court has communicated with the Clerk's office, and the Clerk's office has indicated that it has supplemented ECF No. 3.

In light of Plaintiff's pro se status, however, the Court will note the following: Even had her motion for reconsideration been properly before the Court, the Court would not have seen fit to change course with respect to her request for clerk's default and the motion for default judgment.

A clerk's entry of default is a necessary predicate to obtaining default judgment. Ordinarily, a party must initiate a request to the Clerk's office directly to obtain entry of default. The Court, at its discretion, may also order the Clerk to enter a default upon request. Any such request must, however, contain an affidavit or declaration that the summons and complaint have been properly served. *See* Fed. R. Civ. P. 55(a) (requiring that a party's failure to plead or defend must be shown by "affidavit or otherwise" for an entry of default); *Tracy v. CEO, Successor Deutsche Nat. Tr. Co.*, No. 3:11-CV-0436-LRH-VPC, 2011 WL 6400311, at *1 (D. Nev. Dec. 20, 2011) ("In order to obtain a default judgment, a party must first obtain a clerk's entry of default which can only be obtained by establishing, *through an affidavit*, that a defendant has failed to plead or otherwise defend itself in the action."). That affidavit must also demonstrate that the party requesting entry of judgment "properly effected service on the defaulting party." *Oner v. Creditors Specialty Serv.*, No. 216CV00325GMNPAL, 2017 WL 901892, at *1 (D. Nev. Mar. 6, 2017) ("As a prerequisite to entry of clerk's default, a plaintiff must demonstrate that he properly effected service on the defaulting party.").

Because Plaintiff's request for clerk's default was not submitted with the requisite affidavit (*See* ECF No. 62, at 22–26), neither the Court, nor the Clerk's office, would have been able to enter default. Although the Court will not revisit its earlier order denying Plaintiff's request for an entry of default, Plaintiff is welcome to request Clerk's default anew.[3]

---

[3] To aid the Plaintiff, the Court refers to Docket entry 6 in *White v. Bas Food Servs. Inc.*, No. 3:16-CV-02818-WQH-KSC as an example for a request of clerk's entry of default.

## CONCLUSION

Plaintiff's request for exemption from the courtesy copy requirement is **GRANTED** in accordance with the directives contained in this order. Plaintiff's motion for reconsideration is **DENIED.** The motion hearing originally set for this motion, on February 15, 2019, is **VACATED**.[4]

**IT IS SO ORDERED.**

Dated: December 3, 2018

Hon. Gonzalo P. Curiel
United States District Judge

---

[4] The other motions scheduled for hearing on February 15, 2019 remain calendared. (*See* ECF No. 18, 19, 46.) The order to vacate the hearing pertains solely to the present motion.