UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ELIZABETH SIEGLER and Sara Elizabeth Siegler,<br><br>Plaintiffs,<br><br>vs.<br><br>SORRENTO THERAPEUTICS, INC., TNK THERAPEUTICS, INC., BDL PRODUCTS, INC., CARGENIX HOLDINGS LLC, TUFTS MEDICAL CENTER, PROSPECT CHARTERCARE ROGER WILLIAMS MEDICAL CENTER LLC, HENRY JI, RICHARD PAUL JUNGHANS, STEVEN C. KATZ, and THE BOARD OF DIRECTORS OF SORRENTO THERAPEUTICS, INC.,<br><br>Defendants. | CASE NO. 3:18-cv-01681-GPC-MSB<br><br>**ORDER**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO MAKE DEFINITE AND CERTAIN AND RECONSIDERATION [ECF NO. 80];**<br><br>**(2) DENYING IN PART AND GRANTING IN PART PLAINTIFF'S APRIL 10, 2019 MOTION [ECF NO. 84].** |

On March 13, 2019, Plaintiff Sara Siegler filed a Motion To Make Definite and Certain and Reconsideration, which was noticed for hearing on April 12, 2019. (ECF No. 80.) Both of those requests pertained to the Court's order, dated February 13, 2019, in which the Court granted the defendants' motions to dismiss various parts of Plaintiff's first amended complaint, some with leave to amend, and

some with prejudice. (ECF No. 75.) Defendants filed a joint opposition to Plaintiff's request (ECF No. 82), which Plaintiff replied to. (ECF No. 83).

On April 10, 2019, Plaintiff filed a motion to (1) reschedule the hearing on her Motion to Make Definite and Certain and Reconsideration, (2) for leave to participate in the hearing remotely, and (3) to extend the deadline for the filing of the second amended complaint. (ECF No. 84.)

Pursuant to Civil Local Rule 7.1(d)(1), the Court finds the motions at issue suitable for adjudication without oral argument. (ECF No. 80.) For the reasons below, the Court **DENIES** Plaintiff's Motion to Make Definite and Certain and Reconsideration. The Court further **DENIES** in part as moot Plaintiff's April 10, 2019 motion and **GRANTS** in part Plaintiff's request for a deadline extension on her second amended complaint. (ECF No. 84.)

## I. Plaintiff's Motion to Make Definite and Certain

In the first part of her motion, Plaintiff seeks "clarification" from the Court about how to conform her anticipated second amended complaint to the Court's February 13, 2019 order.

For instance, Plaintiff asks the Court to instruct her as to "how [to] properly plead infringement upon the copyrightable and trade secret aspects of [her] works," and inquired whether she might be "permitted to add each Board member of the Board of Directors of Sorrento Therapeutics, Inc. . . . rather than naming the Board of SRNE as an entity." (ECF No. 80-1, at 11). She poses hypotheticals asking whether "claims based on the following syntax [would] be sufficient to overcome a dispositive motion brought under FRCP 12." (*Id.*) And she seeks advice on whether and what language she should use in order to replead the Fifth Amendment takings claims against the private defendants in this case, which claim the Court previously denied with prejudice. (*Id.* at 16.)

Plaintiff argues that because she is entitled to guidance on the aforementioned because of her status as a *pro se* litigant. Defendants counter that a party who "proceeds *pro se* with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the court is under no obligation to become an 'advocate' for or to assist and guide the *pro se* layman through the trial thicket." *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) (quoting *Jacobsen v. Filler*, 790 F.2d 1362, 1365 n.5 (9th Cir. 1986)).

The law is clear that "a district court lacks the power to act as a party's lawyer, even for pro se litigants." *Id.* The Ninth Circuit has warned courts against "inject[ing] itself into the adversary process on behalf of one class of litigant." *Jacobsen*, 790 F.2d at 1365. Courts, as neutral arbiters, are emphatically not in the business of giving legal advice, and should decline to explain to litigants how they might clear any looming procedural challenge. *Id.* ("Imposing an obligation to give notice of Rule 56's evidentiary standards would also invite an undesirable, open-ended participation by the court in the summary judgment process.") Indeed, advising Plaintiffs how to "properly plead" her claims would turn the Court into her counsel and "undermine district judges' roles as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). As such, the Court will not be advising Plaintiff on how to craft her amended pleadings, because doing so would be improper legal advice from the Court.

With respect to Plaintiff's two procedural questions—i.e., whether all exhibits filed in connection with the previous complaints must be re-filed with the second amended complaint, and whether a redlined copy must be attached—the Court refers Plaintiff to Civil Local Rule 15.1.[1]

---

[1] That rule provides as follows:

Amended Pleadings. Every pleading to which an amendment is permitted as a matter of right or has been allowed by court order, must be complete in itself without reference to the superseded pleading.

Plaintiff's motion for clarification is **DENIED**.

## II.    Plaintiff's motion for reconsideration

Plaintiff also seeks reconsideration of four parts of the Court's order.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. IJ, Multnomah Cnty v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Plaintiff, however, has not identified any new evidence or new law. She simply reiterates variants of arguments previously made in the lead-up to the February 13, 2019 Order. And to the extent Plaintiff believes the Court committed clear error, the Court disagrees. "Clear error occurs when the 'reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). The Court finds no such error.

Moreover, Plaintiff's motion is out of compliance with Civil Rule 7.1(i). Under Rule 7.1(1), a party may apply for reconsideration of an order only if the moving party provides the court with an affidavit setting forth "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown." Here, Plaintiff has filed no affidavit, and her motion for reconsideration is additionally faulty for this reason.

Because "[a] motion for reconsideration is not an opportunity to renew arguments considered and rejected by the Court, nor . . . an opportunity for a party to reargue a motion because it is dissatisfied with the original outcome," *FTC v.*

---

All amended pleadings must contain copies of all exhibits referred to in such amended pleadings. Permission may be obtained from the court, if desired, for the removal of any exhibit or exhibits attached to prior pleadings, in order that the same may be attached to the amended pleading. Each amended pleading must be designated successively as first amended, second amended, etc.

*Neovi, Inc.*, No. 06–CV–1952–JLS JMA, 2009 WL 56130, at *2 (S.D. Cal. Jan. 7, 2009) this Court cannot grant Plaintiff's request for reconsideration. Plaintiff's request for reconsideration is hereby **DENIED**.

### III. Plaintiff's April 10, 2019 Motion

Plaintiff's April 10, 2019 motion seeks to reschedule the hearing date on the Motion to Make Definite and Certain and Reconsideration, and to participate remotely. Because the Court has deemed a hearing on that motion unnecessary, those requests are **DENIED** as moot. Furthermore, Plaintiff has requested an extension of the deadline for the filing of the second amended complaint, currently set for April 26, 2019, such that it follows any re-scheduled hearing date. Although the Court has denied the request to reschedule the hearing date, the Court will extend the deadline for an additional week. As such, this part of Plaintiff's motion is **GRANTED**, and the new deadline on Plaintiff's second amended complaint shall be May 3, 2019.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion To Make Definite and Certain and Reconsideration. (ECF No. 80.) The motion hearing date on this matter, originally set for April 12, 2019, is hereby **VACATED**. Plaintiff's April 10, 2019 motion is **DENIED in part** as moot and **GRANTED** in part. (ECF No. 84.) Plaintiff shall file her second amended complaint no later than **May 3, 2019.**

**IT IS SO ORDERED.**

Dated: April 11, 2019

Hon. Gonzalo P. Curiel
United States District Judge