UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| SARA ELIZABETH SIEGLER and Sara Elizabeth Siegler, | CASE No. 3:18-cv-01681-GPC-NLS |
|---|---|
| Plaintiffs, | **ORDER** |
| vs. | **(1) DENYING MOTION FOR A DEADLINE EXTENSION AND/OR TO CERTIFY ECF DOC. 75 FOR INTERLOCUTORY APPEAL** |
| SORRENTO THERAPEUTICS, INC., TNK THERAPEUTICS, INC., BDL PRODUCTS, INC., CARGENIX HOLDINGS LLC, TUFTS MEDICAL CENTER, PROSPECT CHARTERCARE ROGER WILLIAMS MEDICAL CENTER LLC, HENRY JI, RICHARD PAUL JUNGHANS, STEVEN C. KATZ, and THE BOARD OF DIRECTORS OF SORRENTO THERAPEUTICS, INC., | |
| | **(2) DENYING IN PART AND GRANTING IN PART FOURTH OMNIBUS MOTION** |
| | **(3) GRANTING PLAINTIFF'S JUNE 17, 2019 MOTION FOR LEAVE TO RE-FILE OPPOSITION BRIEFS** |
| Defendants. | [ECF Nos. 89, 96, 102.] |

Before the Court are three motions from Plaintiff Sara Elizabeth Siegler ("Plaintiff"). On May 10, 2019, Plaintiff filed a "motion for a deadline extension and/or to certify ECF Doc. 75 for interlocutory appeal." (ECF No. 89.) On May 21, 2019, Plaintiff filed a fourth "omnibus motion" seeking (1) leave to file

opposition papers to Defendants' motions to dismiss in excess of 25 pages each, (2) an extension on the July 19, 2019 deadlines on those oppositions, (3) leave to participate in the motion hearing scheduled August 2, 2019, remotely, and (4) leave to file a third amended complaint. (ECF No. 96.) On June 10, 2019, Defendants submitted an opposition to both of Plaintiff's motions. (ECF No. 99.) Thereafter, on June 17, 2019, Plaintiff submitted another motion reiterating her request to submit oversized opposition briefs. (ECF No. 102.) The Court addresses Plaintiff's motions in turn.

### I. Motion for a Deadline Extension and or to Certify ECF No. 75 for Interlocutory Appeal.

On August 20, 2018, Plaintiff filed a first amended complaint ("FAC") against Defendants. (ECF No. 1.) On February 15, 2019, this Court granted the Defendants' motions to dismiss the FAC, permitting Plaintiff leave to amend on all but two of her claims. (ECF No. 75.) In its dismissal order—i.e., ECF No. 75—the Court rejected Plaintiff's Fifth Amendment Takings Claim; the Court advised that the Constitution protects individual rights only from government action, not from private action, and that Plaintiff has not adequately pleaded any facts indicating private action she complained of in her FAC could be fairly attributed to the government. (*Id.* at 32.) The Court also dismissed Plaintiff's attempt to name the Board of Directors of Sorrento Therapeutics, Inc., as a suable entity, explaining that the corporate boards of directors do not exist independent of the corporation as a matter of law. (*Id.* at 28.)

On May 10, 2019, Plaintiff moved for an extension of time to file an interlocutory appeal to the two issues decided in ECF 75. She moved in the alternative for a certification of her appeal for interlocutory review. (ECF No. 89.)

For the reasons that follow, this court **DENIES** both of Plaintiff's requests.

### A. Legal Standard

Interlocutory appeals under 28 U.S.C. § 1292(b) are a "departure" from the rule that only final judgments may be appealed, "and therefore must be construed narrowly." *City of San Diego v. Monsanto Co.*, 310 F. Supp. 3d 1057, 1065 (S.D. Cal. 2018) (quoting *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002)). *See also Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 626 (D. Md. 2013) ("Interlocutory review is a 'narrow exception" to the 'longstanding rule against piecemeal appeals.'") (quoting *Costar Group Inc. v. LoopNet, Inc.*, 172 F. Supp. 2d 747, 750 (D. Md. 2001)).

Pursuant to Section 1292(b), the district court may, at its discretion, grant certification for interlocutory appeal "if each of the following three requirements are met: (1) there is a controlling question of law, (2) there are substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *Tsyn v. Wells Fargo Advisors, LLC*, No. 14-CV-02552-LB, 2016 WL 1718139 (N.D. Cal. Apr. 29, 2016). The party seeking certification bears the burden, *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); further, a proposed appeal must satisfy all three elements. *See, e.g.*, *Wadler v. Bio-Rad Labs, Inc.*, No. 15-CV-02356-JCS, 2015 WL 8753292, at *2 (N.D. Cal. Dec. 15, 2015) (holding that missing just one of the three requisite Section 1292(b) factors is grounds for denying the request for certification).

Section 1292(b) was not intended to "open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation," *Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 690 F. Supp. 170, 172 (S.D.N.Y. 1987). "Interlocutory appeals are generally disfavored and should only be granted where extraordinary circumstances exist." *In re Cameron*, No. C, 13-02018 SI, 2014 WL 1028436, at *4 (N.D. Cal. Mar. 17, 2014).

### B. Discussion

Plaintiff cannot show that there is a "substantial ground for difference" on the two questions presented for interlocutory appeal, or that appeal will materially speed the termination of the litigation. As such, she fails to establish that her purported issues qualify for interlocutory appeal.

#### 1. Controlling Question of Law

"'The antithesis of a proper §1292(b) appeal is one that turns on whether . . . the district court properly applied settled law to the facts." *Porter v. Mabus*, No. 1:07-CV-0825, 2014 WL 669778, at *2 (E.D. Cal. Feb. 20, 2014) (quoting *Simmons v. Akanno*, 2011 WL 1566583, at *3 (E.D. Cal. Apr. 22, 2011)).

Plaintiff does not present arguments disputing the prevailing law on the Fifth Amendment or on the suitability of naming corporate Boards of Directors as defendants. Instead, she merely alleges that reconsideration "may have a material outcome on the present controversy." (ECF No. 89, at 6.) She does not present any issues of law but, instead, questions the Court's application of the facts to settled law. Plaintiff has not borne her burden on this factor—in fact, she herself has conceded that "it is not entirely clear" that she would "meet the requirements for interlocutory appeals on either of the two issues." (ECF No. 89-1, at 9.)

#### 2. Substantial Ground for Difference of Opinion

"Disagreement with the Court's ruling does not create a 'substantial ground for difference'; the proponent of an appeal must make some greater showing." *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1090 (E.D. Cal. 2008) (quoting *Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 667 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514, 522 (9th Cir. 1987)). Such showing is made where "circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult

questions of first impression are presented." *City of San Diego v. Monsanto Co.*, 310 F. Supp. 3d 1057, 1065 (S.D. Cal. 2018) (quoting *Couch v. Telescope, Inc.*, 611 F.3d 629, 635 (9th Cir. 2010)) (internal citations and quotation marks omitted).

Plaintiff has not alleged that there is a circuit split on either of the two issues she seeks to appeal. Nor has she indicated that either presents a difficult question of first impression. The Fifth Amendment generally only applies against the federal government, and Plaintiff has not sufficiently established why and how this Court should apply the amendment against the private Defendants in this case. Plaintiff also repeatedly cites *Kelo v. City of New London*, a takings case that affirms that the government may condemn and sell lands to private entities in certain circumstances. *Kelo v. City of New London, Conn.*, 545 U.S. 459 (2005). But, as the Court previously explained in its dismissal order, *Kelo* is entirely inapplicable to this case; the defendant accused of violating the Fifth Amendment was a municipality, i.e., a governmental actor, and not a private entity. (ECF No. 75, at 32 n.13.)

Furthermore, the Board of Directors of Sorrento Therapeutics, Inc., is not a separate entity from the corporation. *See Theta Chi Fraternity, Inc. v. Leland Stanford Junior Univ.*, 212 F. Supp. 3d 816, 821 (N.D. Cal. 2016) (holding under California law that a board of directors could not be sued because it was "not a separate legal entity that can be sued independently of the corporation itself.") Under Rule 17 of the Federal Rules of Civil Procedure, an entity can only be sued "by the law under which it was organized." FED. R. CIV. P. 17(b)(2). Plaintiff has not raised any dispute between sister circuits or novel questions on this issue.

As a result, Plaintiff has made no showing that there exists substantial ground for difference in opinion of either of her proposed issues.

**3. Materially Speeding the Termination of Litigation**

In determining whether this factor is satisfied, the court "should consider the effect of a reversal by the court of appeals on the management of the case." *Ass'n of Irritated Residents*, 634 F. Supp. 2d at 1092.

Given the absence of reasonable debate on the questions presented, granting certification would only serve as an exercise in rehashing well-established legal theories and delay the litigation. An interlocutory appeal would not contribute to the speedy termination of litigation.

### 4. Conclusion

Based on the foregoing, this Court **DENIES** Plaintiff's motion for certification of this Court's February 13, 2019 dismissal order for interlocutory appeal. Similarly, her related request for an extension of the deadline to so file is also **DENIED.**

## II. Fourth Omnibus Motion and June 17, 2019 Motion

There are four issues in Plaintiff's fourth omnibus motion, two of which are implicated by Plaintiff's June 17, 2019 motion. (ECF Nos. 96, 102.)

Plaintiff's fourth omnibus motion requested leave to file opposition briefs to the Defendants' pending motions to dismiss her second amended complaint ("SAC"), in excess of the 25 pages mandated by the Local Civil Rules. Plaintiff also requested "the entry of an order to extend the deadline for said opposition memoranda beyond the July 19, 2019 deadline." (ECF No. 96-1, at 5.)

On June 10, 2019, while Plaintiff's omnibus motion was pending, Plaintiff submitted opposition briefs (ECF Nos. 97, 98) which were both less than 25 pages in length. On June 17, 2019, Plaintiff filed a motion for leave to file replacement documents—in effect, to withdraw the previously-filed opposition briefs and refile them oversize—stating that she had submitted rushed and incomplete opposition briefs because there had not been any ruling on her omnibus motion, and she did not want to miss the *actual* Court-prescribed deadline of June 10, 2019, for her

opposition papers.  (ECF No. 102.)

Although it is somewhat perplexing to the Court that Plaintiff seeks to blame the Court for taking as true the July 19, 2019 deadline Plaintiff herself pleaded in her omnibus motion, the Court is nonetheless prepared to grant Plaintiff the relief she sought.  Accordingly, the Court **grants** Plaintiff's June 17, 2019 motion to withdraw, and re-file her opposition briefs.  (ECF No. 102.)  Plaintiff's omnibus motion requests to file opposition briefs in excess of 25 pages is **granted**, but the Plaintiff is limited to 30 pages per opposition.  (ECF No. 96.)  Any opposition briefs must be filed no later than **July 1, 2019**; Defendants are also permitted to withdraw any previously-filed reply briefs and submit new reply briefs no later than **July 10, 2019**.

Plaintiff has moved to appear telephonically at the hearing on Defendants' motions to dismiss.  The request is **granted**.  If the Court does not, in accordance with Local Civil Rule 7.1(d)(1), decide the motions on the briefings without hearing, then Plaintiff is instructed to call into chambers two days in advance of the scheduled motion hearing to coordinate her telephonic attendance.

Finally, Plaintiff has sought leave to file a third amended complaint.  Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires."  FED. R. CIV. P. 15(a). "This policy is to be applied with extreme liberality," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.2003) (quotation omitted), but when a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is "particularly broad." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 879 (9th Cir. 1999).  "When considering a motion for leave to amend, a district court must consider whether the proposed amendment results from undue delay, is made in bad faith, will cause prejudice to the opposing party, or is a dilatory tactic." *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

In this case, Plaintiff was previously granted leave to amend after the Court granted dismissal of her FAC. Even under the liberal Rule 15 standard, Plaintiff's instant request for leave to amend fails to articulate why amendment should be granted. Plaintiff states only that her SAC must be supplemented with "[n]ewly discovered information and additional updates," (ECF No. 96-1, at 7–8), and refers the Court to a chart containing links to various web documents which apparently include the newly discovered information and additional updates.[1] Plaintiff does not attempt to detail how she will integrate these documents into any third amended complaint, nor is it apparent to the Court how they relate to or cure any of the deficiencies identified vis-à-vis Plaintiff's original complaint.

"It is Plaintiff's burden to inform the Court of the grounds that justify leave to amend." *Williams v. Thornton*, No. 1:06-CV-01535-SKO PC, 2010 WL 2605210, at *2 (E.D. Cal. June 28, 2010). Without an explanation from Plaintiff as to the import of the "newly discovered information," the Court will not comb through the prolix documents referenced in Plaintiff's chart to determine if and how they stack up against Rule 15.

Plaintiff has additionally violated Local Rule 15.1(b), which requires that "[a]ny motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows through redlining, underlining, strikeouts, or other similarly effective typographic methods how the proposed amended pleading differs from the operative pleading." CivLR 15.1(b). "Plaintiff's failure to attach a proposed amended pleading"—as well as her failure to explain the relevance of the documents referenced in her chart—"prevents the court from determining whether

---

[1] It is unclear what these documents purport to show, though Defendants indicate that Plaintiff's links consist of references to: "(1) a May 2019 presentation by Defendants regarding potential applications of the Anti-CEA CAR; (2) a non-party's press release about that presentation; (3) 'revised' versions of corporate presentations and/or corporate governance documents already references in the [First Amended Complaint]; and (4) a recent amendment to a loan obtained by the Sorrento Defendants mentioned in the [Second Amended Complaint]." (ECF No. 99, at 4.)

the proposed amended complaint would result in undue delay, is made in bad faith, will cause prejudice to Defendant, or is a dilatory tactic." *Ervin v. Cty. of San Diego*, No. 14-CV-1142-WQH-BGS, 2015 WL 641244, at *2 (S.D. Cal. Feb. 13, 2015).

Plaintiff's motion for leave to file a third amended complaint is accordingly **DENIED**. (ECF No. 96.)

### III. Conclusion

In light of the foregoing, the Court **orders** the following:

- Plaintiff's request for a deadline extension to file a motion for certification of an interlocutory appeal, or in the alternative, to certify the Court's February 13, 2019 dismissal order for interlocutory appeal is **DENIED.**

- Plaintiff is **granted** leave to re-file her opposition briefs. Any re-filed opposition briefs must be filed no later than **July 1, 2019**.

- Plaintiff's new opposition briefs may depart from the 25 page limit imposed by local rule, but each opposition brief may be no longer than 30 pages.

- Defendants are also **granted** leave to re-file any reply briefs if Plaintiff re-files her opposition briefs. Any reply briefs are due no later than **July 10, 2019.**

- Plaintiff may participate in any hearing held on Defendants' motions to dismiss her SAC telephonically.

- Plaintiff's motion for leave to amend to file a third amended complaint is **DENIED.**

- The motion hearings set for ECF Nos. 89, 96, and 102 are **VACATED.**

**IT IS SO ORDERED.**
Dated: June 20, 2019

Hon. Gonzalo P. Curiel
United States District Judge