UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA ELIZABETH SIEGLER and Sara Elizabeth Siegler,<br><br>Plaintiffs,<br><br>vs.<br><br>SORRENTO THERAPEUTICS, INC., TNK THERAPEUTICS, INC., BDL PRODUCTS, INC., CARGENIX HOLDINGS LLC, TUFTS MEDICAL CENTER, PROSPECT CHARTERCARE ROGER WILLIAMS MEDICAL CENTER LLC, HENRY JI, RICHARD PAUL JUNGHANS, STEVEN C. KATZ, and THE BOARD OF DIRECTORS OF SORRENTO THERAPEUTICS, INC.,<br><br>Defendants. | CASE NO. 3:18-cv-01681-GPC-MSB<br><br><br>**ORDER ON ECF NOS. 107, 109** |

Before the Court are two motions filed by Plaintiff Sara Elizabeth Siegler: a motion to extend, filed June 20, 2019, and a fifth omnibus motion, filed June 26, 2019. (ECF Nos. 107, 109.) Defendants have responded to both motions by an opposition filed June 27, 2019. (ECF No. 110.)

Both motions relate to the Court's June 20, 2019 order. (ECF No. 106.) There, the Court granted, *inter alia*, Plaintiff's requests to (1) withdraw and refile

her previously-filed opposition briefs to two motions to dismiss filed by defendants, (2) extend the deadline on refiling, and (3) exceed the 25 page maximum page limit on those opposition briefs. The Court permitted Plaintiff to file new opposition briefs up to 30 pages per brief, and extended the due date on those oppositions, from June 10, 2019, to July 1, 2019. The Court selected the July 1, 2019 deadline to account for any reply Defendants might file, and for the Court to make adequate review of the parties' moving papers before the August 2, 2019 hearing on the motions to dismiss.

Now, Plaintiff asks the Court to extend the deadline on her opposition briefs once more, from July 1, 2019 to "July 30, 2019" at the earliest. (ECF No. 107, at 1.) To preserve the original hearing date of August 2, 2019 on Defendants' motions to dismiss, the Court **grants in part and denies in part** Plaintiff's request: Plaintiff's opposition briefs are due no later than **July 15, 2019.** Any reply by Defendants is due no later than **July 22, 2019.**

Plaintiff also asks for leave to exceed 30 pages per opposition brief. Plaintiff argues that the Court's prior order granting her leave to file opposition briefs up to 30 pages per brief did not significantly grant her pages above the 25 page limit prescribed by the local rules. (ECF No. 109-1, at 2 (contending that the prior order "capped the page length of each opposition memoranda at 30 pages, which is only 5 pages more than allowed by the rules").) But Plaintiff misunderstands the Local Rules. As this Court has held elsewhere, Local Civil Rule 7.1.h limits memoranda to 25 pages per party for *all motions noticed for a single motion day*. *See Olney v. Progressive Cas. Ins. Co.*, 993 F. Supp. 2d 1220, 1228 n.1 (S.D. Cal. 2014). Thus, the Court's prior order, allowing Plaintiff to file two opposition briefs for motions noticed for the same motion hearing day, of 30 pages each—i.e., 60 pages total, or 35 page in excess of the page limit prescribed by Rule 7.1.h—is considerable. The

1 | Court **DENIES** Plaintiff's request to file two opposition briefs in excess of 30
2 | pages each.
3 |     **IT IS SO ORDERED.**
4 | Dated: June 28, 2019

Hon. Gonzalo P. Curiel
United States District Judge