UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA ELIZABETH SIEGLER and Sara Elizabeth Siegler,<br><br>Plaintiffs,<br><br>vs.<br><br>SORRENTO THERAPEUTICS, INC., TNK THERAPEUTICS, INC., BDL PRODUCTS, INC., CARGENIX HOLDINGS LLC, TUFTS MEDICAL CENTER, PROSPECT CHARTERCARE ROGER WILLIAMS MEDICAL CENTER LLC, HENRY JI, RICHARD PAUL JUNGHANS, STEVEN C. KATZ, and THE BOARD OF DIRECTORS OF SORRENTO THERAPEUTICS, INC.,<br><br>Defendants. | CASE NO. 3:18-cv-01681-GPC-MSB<br><br>**ORDER DENYING EMERGENCY MOTION FOR EXPEDITED ORDER FOR CHANGE OF VENUE**<br><br>**[ECF NO. 133.]** |

On August 27, 2019, pro se Plaintiff Sara Elizabeth Siegler filed an 'emergency' motion for a change of venue, requesting a ruling by August 30, 2019. (ECF No. 133.) Upon review of the motion, and in light of applicable law, the motion is **DENIED** for the reasons articulated below.

**I.    Background**

On July 24, 2018, Plaintiff filed the instant action in the Southern District of California. After extensive motions practice, the Court on August 2, 2019, granted dismissal with prejudice on all of the claims in Plaintiff's second amended complaint. (ECF No. 126.)

On August 26, 2019, the Court denied Plaintiff's sixth omnibus motion which requested (1) an extension on statutory deadline to file her Rule 59(e) motion against the dismissal order entered August 2, 2019, and (2) leave to file a motion for reconsideration which would exceed the 25 page limit prescribed by the local civil rules. The Court denied the first request and reaffirmed the statutory August 30, 2019, deadline because Federal Rule of Civil Procedure 6 expressly forbids the Court to provide the extension requested. *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."). The Court granted the request to depart from the 25 page limit; in the absence of a requested brief length, the Court permitted a filing of up to 35 pages.

Plaintiff's instant motion for change of venue is predicated on her disagreement with the August 26, 2019 Order. She seeks a venue change out of this district because she believes the Court has not afforded her adequate accommodations under the Americans with Disabilities Act, and because she insists that the Court and Court staff have conspired to retaliate against her, or subject her to biased and prejudicial treatment on account of her pro se status. Plaintiff does not specify where she would like the case to be transferred to, or where believes venue is proper, stating only that the case could be transferred to any federal district, and should be directed to a court that would be able to accommodate her.

I.  **Transfer of Venue**

Plaintiff's motion fails as a request for a change of venue. At worst, the request is a dilatory tactic to avoid the effects of the Court's August 2, 2019 order dismissing the entirety of the action. *See Silver Valley Partners, LLC v. De Motte*, No. C05-5590 RBL, 2006 WL 2711764, at *5 (W.D. Wash. Sept. 21, 2006)

(warning against late-blooming requests for transfer brought merely as dilatory practice).  According to Plaintiff, she seeks a transfer venue so that she can set her yet-to-be filed motion for reconsideration before a different Court.  (ECF No. 133-1, at 8.)  That is no basis for transfer.

At best, Plaintiff's request for a venue change is waived as inadequately briefed.  Most critically, Plaintiff has not requested transfer to any specific venue.

To support a motion for transfer of venue, the moving party must establish "that venue is proper in the transferor district; that the transferee district is one where the action might have originally been brought; and that transfer will serve the convenience of the parties and witnesses and will promote the interests of justice." *Vu v. Ortho–McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1155–56 (N.D. Cal.2009) (quoting G*oodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F.Supp. 503, 506 (C.D. Cal. 1992)).

Once venue is determined to be proper in both districts, "[t]he Court must consider public factors relating to 'the interest of justice' and private factors relating to 'the convenience of the parties and witnesses.'" *Decker Coal Co. v. Commonw. Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  Such factors include: (1) plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) ease of access to the evidence; (5) familiarity of each forum with an applicable law; (6) feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum.  *Vu*, 602 F. Supp. 2d at 1156.

Here, Plaintiff has provided no justification for element three.  Significantly, it was Plaintiff herself who brought the case in the Southern District of California; in other words, this was Plaintiff's own choice of forum.  As master of her case, Plaintiff does not stand in the position of the usual transfer of venue movant, who is presumed to be a defendant.  *See Decker Coal Co.*, 805 F.2d at 843 ("The defendant

must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). Plaintiff cannot show transfer is in the interest of justice merely because she hopes another court would reach a different conclusion on a dispositive motion after it has been decided.

Moreover, the defending parties have invested considerable resources in responding to her suit in the instant district, filing pro hac vice requests and litigating the issues in Plaintiff's chosen forum. Plaintiff has offered no explanation of the prejudice or convenience that would befall the defendants if venue was transferred, nor could she without specifying *which* venue she prefers.

In addition, the Court has spent considerable time familiarizing itself with Plaintiff's allegations. It has considerable institutional knowledge of the facts and procedural history of this litigation. It has issued an abundance of orders accommodating Plaintiff's filing requests (for extensions of time, for leave to file oversize briefs) and permitted her access to the CM/ECF system so that she might directly file. It has gone to considerable lengths to comprehend and construe liberally Plaintiff's prolix, perplexing, and often procedurally-deficient filings in light of her pro se status. And when it has ruled on dispositive motions, the Court has painstakingly enumerated, at a level of guidance and specificity not ordinarily accorded to counseled parties, the precise reasons Plaintiff's claims were unavailing, so that she might amend and cure. The Court has not acted in a biased or prejudiced manner toward Plaintiff; in fact it has striven to do quite the opposite. If Plaintiff believed there was another venue where she would receive greater solicitude and accommodations, she could have identified one in her motion. Seeing none, and finding the request for transfer both dilatory and inadequately briefed, the Court will deny the request.

Transfer is not appropriate.

**II.    Motion for Reconsideration**

1 | Plaintiff has not set forth any newly discovered evidence, change in
2 | controlling law, or clear error or manifest injustice. To the extent that the motion
3 | for change of venue constitutes a motion for reconsideration of the Court's August
4 | 26, 2019 order, it is also **DENIED.**

**III. Conclusion**

For the above reasons, the emergency motion is **DENIED**. (ECF No. 133.)

**IT IS SO ORDERED.**

Dated: August 30, 2019

Hon. Gonzalo P. Curiel
United States District Judge