UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA ELIZABETH SIEGLER, *et al.*<br><br>Plaintiffs,<br><br>vs.<br><br>SORRENTO THERAPEUTICS, INC., TNK THERAPEUTICS, INC., BDL PRODUCTS, INC., CARGENIX HOLDINGS LLC, TUFTS MEDICAL CENTER, PROSPECT CHARTERCARE ROGER WILLIAMS MEDICAL CENTER LLC, HENRY JI, RICHARD PAUL JUNGHANS, STEVEN C. KATZ, and THE BOARD OF DIRECTORS OF SORRENTO THERAPEUTICS, INC.,<br><br>Defendants. | CASE NO. 3:18-cv-01681-GPC-MSB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR**<br><br>**(1) RECONSIDERATION OF ORDER DISMISSING PLAINTIFF'S MOTION FOR CHANGE OF VENUE, AND**<br><br>**(2) LEAVE TO FILE 10 EXCESS PAGES IN REPLY**<br><br>**[ECF No. 138.]** |

On May 17, 2019, Defendants BDL Products, Inc., Cargenix Holdings LLC, Henry Ji, Sorrento Therapeutics, Inc., and TNK Therapeutics, Inc. ("Defendants") filed a motion to dismiss the second amended complaint. ECF No. 90. On August 2, 2019, the Court granted that motion, ECF No. 126, and entered judgement against Plaintiff Sara Elizabeth Siegler ("Plaintiff"), ECF No. 127. On August 30, 2019, Plaintiff filed a motion for reconsideration of the decision to grant defendants' motion. ECF No. 134. The Court has

1

ordered briefing on Plaintiff's motion and a hearing is now scheduled for November 15, 2019. ECF No. 139.

On August 27, 2019, Plaintiff filed an 'emergency' motion requesting a post-judgment change of venue. ECF No. 133. On August 29, 2019, the Court denied Plaintiff's venue motion. ECF No. 135. On September 2, 2019, Plaintiff filed a seventh omnibus motion requesting (1) reconsideration of the Court's order denying change of venue, ECF No. 135, and (2) leave to file excess pages in reply on the briefing pertaining to her motion for reconsideration of the court's order dismissing the case. *See* ECF No. 138.

For the reasons below, the Court **DENIES** Plaintiff's Seventh Omnibus Motion, ECF No. 138, in its entirety.

## I. Plaintiff's Motion for Reconsideration

Plaintiff asks that this Court reconsider its decision to deny a change of venue. *See* ECF No. 138-1 at 2. Specifically, Plaintiff claims that the Court has acted with "bias, misconduct and/or prejudice" in this matter and failed to accord her appropriate treatment as a pro se litigant. *Id.* at 2-4. Plaintiff's claims are devoid of merit.

As a threshold matter, Plaintiff's motion is procedurally deficient. Under Local Civil Rule 7.1(i)(1), a party may apply for reconsideration of an order only if the moving party provides the court with an affidavit setting forth "what new or different facts and circumstances are claimed to exist which did not exist or were not shown." Here, Plaintiff has filed no affidavit.

In addition, Plaintiff has filed the instant motion without first seeking a hearing date from chambers as is required under the local civil rules. *See* Local Civil Rule 7.1(b). The hearing scheduled for November 15, 2019 pertains only to Plaintiff's motion to reconsider the Court's order dismissing her case, *see* ECF Nos. 126, 133, 139, and not to the instant motion.

In the alternative, the Court denies Plaintiff's claims on the merits. "[A] motion for reconsideration is not an opportunity to renew arguments considered and rejected by the Court, nor is it an opportunity for a party to reargue a motion because it is dissatisfied with the original outcome." *Popescu v. California Dep't of Corr. & Rehab.*, No. 13CV564 BEN (JLB), 2014 WL 12664803, at *1 (S.D. Cal. Oct. 1, 2014), *aff'd*, 670 F. App'x 580 (9th Cir. 2016); *see also Brady v. Grendene USA, Inc.*, No. 3:12-CV-0604-GPC-KSC, 2015 WL 11216706, at *4 (S.D. Cal. Aug. 28, 2015); *FTC v. Neovi, Inc.*, No. 06–CV–1952–JLS JMA, 2009 WL 56130, at *2 (S.D. Cal. Jan. 7, 2009).

Here, Plaintiff asserts no new arguments and merely repeats the arguments presented in her original motion for change of venue. ECF No. 133-1 at 1-8. As stated in this Court's order denying plaintiff's initial venue motion, the Court has worked diligently to consider Plaintiff's arguments in the best possible light and treated her leniently in light of her status as a pro se litigant. Although the Court sympathizes with Plaintiff's pro se status, Plaintiff's arguments remain unavailing.

Plaintiff, moreover, fails to remedy the deficiencies in her initial arguments. Plaintiff neither identifies the district to which she wishes her case be transferred, nor explains how that transfer would be justified in light of the applicable legal factors: "(1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009); *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Byler v. Deluxe Corp.*, 222 F. Supp. 3d 885, 903 (S.D. Cal. 2016); *Tri-Union Seafoods, LLC v. Starr Surplus Lines Ins. Co.*, 88 F. Supp. 3d 1156, 1160 (S.D. Cal. 2015). As stated in the Court's prior order, the factors weigh against Plaintiff's motion. *See* ECF No. 135 at 3-4.

Consequently, upon reconsideration, this Court **DENIES** Plaintiff's motion for reconsideration of the order denying a change of venue.

## II. Plaintiff's Motion for Leave to File Excess Pages

Plaintiff also seeks leave to file excess pages in her forthcoming reply on the briefing pertaining to her motion for reconsideration of the judgment. ECF No. 134.

Pursuant to Local Civil Rule 7.1(h), a litigant may not file a reply memorandum exceeding ten pages in length. Nonetheless, a court may permit lengthier briefing at its discretion. *See Traylor Bros. v. San Diego Unified Port Dist.*, No. 08-CV-1019-L WVG, 2012 WL 1019966, at *2 (S.D. Cal. Mar. 26, 2012) (citing *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008)) (en banc) ("whether to grant leave to exceed the page limits set forth in the Local Civil Rules appears to be at the full discretion of the Court"). This is appropriate where the movant adequately explains the need for additional pages. *See, e.g.*, *Fleming v. Coverstone*, No. 08CV355 WQH (NLS), 2009 WL 764887 at *2 (S.D. Cal. Mar. 18, 2009) (permitting an 11-page reply where necessary to address defendant's response).

Here, Plaintiff only offers the vague justification that "[j]udicial quality requires" ten additional pages. *See* ECF No. 18-1 at 7-8. Granting this request would double the page length of her reply. As Plaintiff has failed to explain in sufficient detail why this is necessary, the Court **DENIES** Plaintiff's motion for failing to show good cause.

## III. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Seventh Omnibus Motion. ECF No. 138.

**IT IS SO ORDERED.**

Dated: September 9, 2019

*[signature]*
Hon. Gonzalo P. Curiel
United States District Judge