UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA ELIZABETH SIEGLER, *et al.*<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>SORRENTO THERAPEUTICS, INC., *et al.*,<br><br>　　　　　　　Defendants. | Case No. 3:18-cv-01681-GPC-MSB<br><br>**ORDER DENYING MOTION TO HEAR MOTIONS FOR RECONSIDERATION AND RECUSAL BEFORE THE MAGISTRATE JUDGE**<br><br>**[ECF No. 145.]** |

On August 20, 2019, Plaintiff Sara Elizabeth Siegler's ("Plaintiff") filed a motion for reconsideration of the judgment entered on August 2, 2019. ECF Nos. 126, 127, 134. The Court noticed the motion for a hearing on November 15, 2019. ECF No. 139. On September 10, 2019, Plaintiff filed a subsequent motion seeking the Court's recusal from this matter. ECF No. 142. To accommodate Plaintiff's concurrent request for an extension in the briefing schedule on the motion for reconsideration, and for the sake of judicial economy, the Court set a new hearing on December 20, 2019 to hear the recusal and reconsideration motions. ECF No. 143. On October 29, 2019, Plaintiff filed another motion seeking that the two pending motions, ECF Nos. 134, 142, be transferred to Magistrate Judge Berg. ECF No. 145. The Court now addresses Plaintiff's latest motion.

1

## I. Analysis

"Upon the consent of the parties, a . . . United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). The parties' consent may be inferred from their conduct, *Roell v. Withrow*, 538 U.S. 580, 590 775 (2003). Nonetheless, to preserve the litigant's right to be heard by an Article III judge, the Act requires that magistrate judges only exercise such powers when acting "upon the consent of the parties." *See Baker v. Socialist People's Libyan Arab Jamahirya*, 810 F. Supp. 2d 90, 98 (D.D.C. 2011) (citing *Roell*, 538 U.S. at 585); *see also Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) ("It was well within the court's discretion to reject reference to a magistrate judge when dispositive motions were pending before the district judge.").

Likewise, per the local rules of this District, parties must obtain a hearing date for any motion where the "court's ruling is necessary." CivLR 7.1.e.1. "Local rules have the 'force of law' and are binding upon the parties and upon the court." *Prof'l Programs Grp. v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (citations omitted). Where a party fails to comply with the local rules in filing a motion, a court may dismiss the motion. *See Atchinson, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) ("District courts have inherent power to control their dockets.").

Plaintiff acknowledges that Defendants have not consented to hearing the two pending motions before the Magistrate Judge. ECF No. 145 at 4 n.2. Plaintiff also filed her latest motion without first obtaining a hearing date. Thus, the Court **DISMISSES** Plaintiff's motion for failure to comply with 28 U.S.C. § 636 and Local Rule 7.1.e.1.

**IT IS SO ORDERED.**

Dated: November 20, 2019

Hon. Gonzalo P. Curiel
United States District Judge