UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA ELIZABETH SIEGLER, *et al.*<br><br>Plaintiffs,<br><br>vs.<br><br>SORRENTO THERAPEUTICS, INC., *et al.*,<br><br>Defendants. | Case No. 3:18-cv-01681-GPC-MSB<br><br>**ORDER DENYING MOTIONS FOR RECONSIDERATION AND RECUSAL**<br><br>**[ECF No. 134, 142.]** |

On August 2, 2019, the Court dismissed with prejudice all the claims in Plaintiff Sara Elizabeth Siegler's ("Plaintiff") second amended complaint ("SAC") against Defendants Sorrento Therapeutics, Inc.; TNK Therapeutics, Inc.; BDL Products, Inc.; Cargenix Holdings LLC; Prospect Chartercare Roger Williams Medical Center LLC; Henry Ji; Richard Paul Junghans; Steven C. Katz; and Tufts Medical Center (collectively, "Defendants"). (ECF No. 126.) The Clerk entered judgment. (ECF No. 127.)

On August 30, 2019, Plaintiff filed a motion for reconsideration of the Court's decision to dismiss the SAC. (ECF Nos. 134, 136.) On September 10, 2019, Plaintiff filed a second motion seeking that Judge Gonzalo Curiel, the assigned judge handling this matter, recuse himself or be disqualified. (ECF No. 142.) On October 18, 2019, Defendants filed a response to Plaintiff's motions for reconsideration and recusal. (ECF

1

No. 144.) On December 6, 2019, Plaintiff filed a reply and corresponding supplement. (ECF Nos. 147, 148.) On December 17, 2019, Plaintiff failed an additional exhibit. (ECF No. 150.)

The Court now must determine if Plaintiff, proceeding pro se, has provided sufficient reason to support recusal or reverse the dismissal of the SAC. In considering these motions, the Court is mindful that this litigation is of great importance to Plaintiff. Throughout these proceedings, the Court has endeavored to respectfully identify the applicable rules and any deficiencies in the operative pleadings to allow Plaintiff to comply with the rules and to cure any defects. However, upon review of the filed papers and applying the applicable law, the Court concludes that there is no basis for the Court's recusal or to reconsider the Court's order dismissing the SAC.

## I. Motion for Recusal

As a threshold matter, the Court will consider the recusal motion first. Plaintiff's motion for recusal focuses on the Court's decisions on Plaintiff's prior motions. Consequently, the Court will identify those orders, and then address whether they warrant recusal or disqualification.

### A. Legal Standard

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or where "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a)–(b)(1); *Liteky v. United States*, 510 U.S. 540 (1994) (discussing 28 U.S.C. § 144). Under the "two recusal statutes, 28 U.S.C. §§ 144 and 455, the substantive question is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Guerra v. Paramo*, 251 F. App'x 424, 425 (9th Cir. 2007) (citation omitted); *see also Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008), *abrogated on other grounds by Simmons v. Himmelreich*, 136 S. Ct. 1843, 1846 (2016). In determining whether to recuse, a judge must assess "all the circumstances," *Sao Paulo State of Federative Republic of Brazil v.*

2

*American Tobacco Co., Inc.*, 535 U.S. 229, 232 (2002) (emphasis in original removed), and need not have been aware of the "disqualifying circumstance" in order to find that "'his impartiality might reasonably be questioned' by other persons." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859, 862 (1988) (quoting 18 U.S.C. § 445(a)).

For the "alleged bias and prejudice to be disqualifying," the judge's conduct or attitude "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *see also Rygg v. Hulbert*, 603 F. App'x 645, 646 (9th Cir. 2015) (finding that the judge's orders "do not demonstrate bias stemming from an extrajudicial source"). The mere issuance of "[a]dverse decisions do[es] not establish bias or even hint at bias." *Khor Chin Lim v. Courtcall Inc.*, 683 F.3d 378, 380 (7th Cir. 2012) (Easterbrook, J.) (citations omitted). Likewise, that a jurist does not change his "clear understanding" of how an issue should be decided despite subsequent proceedings on that issue is no basis for a finding of bias. *In re Smith*, 317 F.3d 918, 933 (9th Cir. 2002), *abrogated on other grounds by Lamie v. United States Tr.*, 540 U.S. 526, 531–39 (2004). In recusal motions involving pro se litigants, courts have held, moreover, that a judge's remarks do not amount to bias unless they evince a "deep-seated and unequivocal antagonism that rendered a fair judgment impossible." *Mitchell v. Kirk*, 20 F.3d 936, 938 (8th Cir. 1994) (citing *Liteky*, 510 U.S. at 555–56).

### B. Allegations of Bias & Relevant Background

#### i. Plaintiff's Requests for Extensions

Plaintiff contends that the Court's denials of her requests for additional pages or filing extensions, despite "being a learning disabled[1] pro se litigant," evince bias. (ECF

---

[1] Having reviewed all of Plaintiff's motions, the Court notes Plaintiff fails to mention this disability in a clear majority of her motions. (*See, e.g.*, ECF Nos. 76, 96, 109, 124, 128.) When mentioned, Plaintiff's reference to any disability is always fleeting. (*See, e.g.*, ECF Nos. 80 at 13 n.7, 140-1 at 6). Plaintiff has never explained what this disability entails or how her requests relate to it.

No. 142 at 3–4.) Plaintiff refers to the five following motions. (*Id.* (citing ECF Nos. 51, 79, 106, 112, 132)).

First, on October 16, 2018, the Court found Plaintiff's request for a filing extension on her response briefs to Defendants' motions to dismiss the first amended complaint ("FAC"), (ECF Nos. 18, 19), was moot because she submitted a response "in conformity with the Court's original scheduling order." (ECF No. 51 at 3.) The Court nonetheless granted Plaintiff leave to exceed page limitations. (*Id.* at 4.)

Second, on March 1, 2019, the Court issued an order in response to Plaintiff's request for additional pages on Plaintiff's motion to reconsider and clarify the Court's order dismissing the FAC, (ECF Nos. 75, 76, 80), and an extension to file the SAC. (ECF No. 79.) The Court granted both requests, hereby permitting ten (10) extra pages for Plaintiff's motion and granting an extra five (5) weeks to file the SAC. (*Id.* at 2.)

Third, on June 20, 2019, the Court permitted Plaintiff to withdraw and re-file response briefs to Defendants' two motions to dismiss the SAC, (ECF Nos. 90, 91, 113, 114), so as to accommodate Plaintiff's concern that the initial responses were "rushed and incomplete . . . because there had not been any ruling on her" request for an extension by the time she filed. (ECF No. 106 at 6.) The Court then partially granted Plaintiff's request for extra pages by approving up to thirty pages on each response and extended the deadline to file from June 10, 2019 to July 1, 2019. (*Id.* at 7.)

Fourth, on June 28, 2019, the Court granted another fifteen-day extension expiring on July 15, 2019 to accommodate Plaintiff's further request for time to file responses to Defendants' motions to dismiss the SAC. (ECF No. 112 at 2.) The Court then denied Plaintiff's request for even more pages because the Court had already granted her request to exceed page limitations for this response once before. (*Id.* (citing ECF No. 106)).

Fifth, on August 27, 2019, the Court denied Plaintiff's request for extra time to file her instant motion for reconsideration under Federal Rules of Civil Procedure ("FRCP") 59 and 60 because the FRCP expressly forbids such extensions. (ECF No. 132 at 2 (citing

4

Fed. R. Civ. P. 6(b)(2)). Next, the Court granted Plaintiff's request for more pages, in part, by permitting ten additional pages for her motion. (*Id.*)

In addition to the five orders cited by Plaintiff's motion, the Court also granted requests by Plaintiff to change hearing dates, permit more time for briefing, withdraw erroneous filings, and file extra pages on other occasions. (*See, e.g.*, ECF Nos. 63 at 7, 85 at 5, 132 at 2, 143 at 3.)

### ii. Plaintiff's Allegations of Other Procedural Bias

Plaintiff raises several other arguments establishing bias. For example, Plaintiff contends that the Court unfairly denied her motion for reconsideration of a denial to change venue because it relied on Plaintiff's failure to comply with the Local Rules. (ECF No. 142-1 at 2–3.) But, the Court's order denied Plaintiff's motion on two bases. (ECF No. 141.) First, Plaintiff failed to seek a hearing date for her motion per Local Rule 7.1(b). (*Id.* at 2.) Second, Plaintiff did not remedy the faults of her original motion, thereby failing to meet the legal standard for reconsideration. (*Id.* at 3.)

Plaintiff further alleges that the court only permitted Plaintiff the opportunity to amend her complaint once, and that she was not permitted to file a "third amended complaint" because of a "mere technicality." (ECF No. 142-1 at 4–5.) Plaintiff, in fact, amended her complaint twice. (ECF Nos. 1, 3, 86.) Addressing Plaintiff's motion for leave to file a third amended complaint, (ECF No. 96), the Court denied the motion on two bases: (1) that Plaintiff did not explain why an amended pleading was justified under FRCP 15(a) and (2) that Plaintiff failed to attach a draft pleading as required by Local Rule 15.1(b) to show her proposed amendments. (ECF No. 106 at 6–9.)

In addition, Plaintiff accuses the Court of unfairly permitting the Board of Directors of Sorrento Therapeutics to retroactively join the motions to dismiss the FAC. (ECF No. 142-1 at 5.) When the Board retroactively joined the motion to dismiss, it was not yet fully briefed and the Court had yet to rule on it. (ECF No. 57.)

Plaintiff also claims she was unfairly denied a default judgment against the Board

5

of Directors of Sorrento Therapeutics on another "mere technicality." (ECF No. 142-1 at 5–6.) The Court denied Plaintiff's motion for default because Plaintiff did not seek an entry of default from the clerk as required by the Ninth Circuit. (ECF Nos. 63, 67.)

Lastly, Plaintiff contends that the Court's "lack of fair treatment" can be gleaned from a series of issues related to Plaintiff's docketing or calls to chambers. (ECF No. 142-1 at 6.) Plaintiff opines that, of the twenty-seven (27) orders issued in this matter, a couple were not timely docketed. (*Id*. at 6–9.) Plaintiff also notes having some difficulty reaching Chambers by phone on a handful of occasions and complains that her hearings were vacated when the Court ruled on the papers in her motions. (*Id*.)

### iii. Plaintiff's Petition for Judicial Misconduct.

As a final matter, Plaintiff asserts that the Court should recuse itself because Plaintiff has "taken steps to initiate the filing of a complaint of judicial misconduct/disability against Judge Curiel." (ECF No. 142-1 at 6.)

**C. Analysis**

Considering the factual record before the Court, and the applicable law on recusal, no reasonable person would conclude that the Court's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Consequently, the Court **DENIES** Plaintiff's motion for recusal for the following three reasons. (ECF No. 142.)

First, Plaintiff's motion centers on the Court's prior decisions and orders. Plaintiff does not allege or cite to evidence of an "extrajudicial source" that has motivated the Court to act in a biased manner. *United States v. Bator*, 421 F. App'x 710 (9th Cir. 2011). Hence, even though evidence of an "extrajudicial source" is neither "necessary nor sufficient," its absence places a "thumb on scale" against disqualification. *Bell v. Johnson*, 404 F.3d 997, 1004 (6th Cir. 2005).

Second, the gravamen of Plaintiff's accusation is the perceived, repeated denial of her requests for procedural accommodations as a *pro se* litigant. (ECF No. 142 at 2–6.) However, even if Plaintiff's claims were true, that would not provide a basis to establish

6

bias or prejudice on the part of the Court. *Khor Chin Lim*, 683 F.3d at 380; *Litkey*, 510 U.S. at 554–56 ("Judicial rulings alone almost never constitute valid basis for a bias or partiality motion.").

More importantly, as the facts here readily establish, Plaintiff mischaracterizes the record. Mindful that Plaintiff lacked the benefit of counsel, this Court repeatedly tried to accommodate her requests for filing extensions, extra pages, and other accommodations by granting most of her motions – even if the relief granted differed from Plaintiff's request as a matter of degree. (ECF Nos. 51, 63, 79, 85, 106, 112, 132, 143.) These accommodations included a grant of thirty-five (35) extra pages on Plaintiff's responses to Defendants' motions to dismiss the SAC, (ECF Nos. 106, 112), and a five-week extension to file her SAC. (ECF No. 79.)

Similarly, Plaintiff's other complaints of bias are without basis. Local Rules have the force of law and may not be ignored. *See United States v. Hvass*, 355 U.S. 570, 574–75 (1958). Likewise, denying a motion for failing to meet the appropriate legal standard applies the rule of law and does not evince bias. (*See* ECF Nos. 63, 67, 106, 142.) Plaintiff's allegations of bias demonstrate no more than her dissatisfaction with the Court's rulings. *In re Int'l Bus. Machines Corp.*, 618 F.2d 923, 929 (2d Cir. 1980) ("A trial judge must be free to make rulings on the merits without the apprehension that if he makes a disproportionate number in favor of one litigant, he may have created the impression of bias. Judicial independence cannot be subservient to a statistical study of the calls he has made during the contest.")

Lastly, to the extent that Plaintiff's motion relies on her alleged "complaint of judicial misconduct," Plaintiff's motion fails. (ECF No. 142-1.) The "Ninth Circuit has held that a litigant's filing of a complaint of judicial misconduct is not itself a valid ground for recusal of the same judge, 'lest we open the door to misuse of the judicial misconduct complaint process as a means of removing a disfavored judge from a case.'" *Cowan v. Brown*, No. 14-CV-01886-GPC, 2018 WL 3752330, at *4 (S.D. Cal. Aug. 7,

7

2018) (quoting *In re Focus Media, Inc.*, 378 F.3d 916, 930 (9th Cir. 2004)).

Given the voluminous motions and orders in this matter, and the Court's repeated accommodations of Plaintiff's requests, no reasonable observer could find the Court shortchanged Plaintiff's lawsuit or treated her in a biased manner.

## II. Motion for Reconsideration

Finding that there are no proper grounds for recusal or disqualification, the Court now addresses Plaintiff's motion for reconsideration. (ECF No. 134.)

### A. Legal Standards for FRCP 59(e) and 60(b)

FRCP 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). "A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). A motion for reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

Under FRCP 60(b), a motion for reconsideration may only be granted "upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). Fraud under FRCP 60(b) involves "an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1104 (9th Cir. 2006) (citation omitted). Also, under the catchall category, FRCP 60(b)(6), courts have "broad authority" to grant relief from judgment but should only do so in "extraordinary circumstances."

*Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64 (1988).

As a practical matter, a claim seeking that the judgment be set aside may be brought under either FRCP 59(e) or 60(b). *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1130 (E.D. Cal. 2001). The only difference is that motions filed pursuant to FRCP 59(e) "must be filed no later than 28 days after the entry of the judgment," Fed. R. Civ. P. 59, whereas motions filed under FRCP 60(b) must be filed "within a reasonable time—and . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

Consequently, just as with FRCP 59(e), "errors of law are cognizable under Rule 60(b)." *See United States ex rel. Mei Ling v. City of Los Angeles*, No. CV-11-974-PSG, 2018 WL 6177255, at *2 (C.D. Cal. Nov. 9, 2018) (quotation omitted); *Yniques v. Cabral*, 985 F.2d 1031, 1034 (9th Cir. 1993) (noting "a district court's erroneous reading of the law" may constitute a mistake under 28 U.S.C. § 60(b)(1)). A court, however, does not abuse its discretion in denying a motion for reconsideration merely because the underlying motion could have been erroneous; rather, the underlying order must be "clearly erroneous." *See McDowell v. Calderon*, 197 F.3d 1253, 1255 n.4 (9th Cir. 1999). "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark Cty. School Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 365 (1948)). "As the Sixth Circuit has put it, a decision should not be disturbed under the clear error standard unless it 'strikes the court as wrong with the force of a five-week old, unrefrigerated dead fish.'" *Mei Ling*, 2018 WL 6177255, at *2 (quoting *Taglieri v. Monasky*, 907 F.3d 404, 409 (6th Cir. 2018), cert. granted, 139 S. Ct. 2691, 204 L. Ed. 2d 1089 (2019); *Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 231 (D. Ariz. 2012)).

## B. Factual and Procedural Background[2]

Broadly speaking, Plaintiff Sara Elizabeth Siegler alleges that Dr. Junghans, with whom she hoped to collaborate on a new chimeric antigen receptor ("CAR") T cell drug, took her intellectual property and used it to begin developing competitor products under the employment of, or in collaboration with, Tufts, Sorrento Therapeutics, Inc., his company BDL Products, and the other Defendants. (ECF No. 126 at 2–4). To halt Defendants' alleged theft of her intellectual property, Plaintiff filed her initial complaint on July 24, 2018, and has since twice amended it. (ECF Nos. 1, 3, 86.)

Plaintiff's SAC contains a number of claims, including, copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101 et seq. (Claims for Relief I, III, IV, V); misappropriation of trade secrets under California's Uniform Trade Secrets Act ("CUTSA"), CAL. CODE CIV. PROC. §§ 3425 et seq., and the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 (Claims for Relief II and VI); antitrust violations Sunder the Sherman and Clayton Acts, 15 U.S.C. §§ 1–7, 12–27 (Claim for Relief VII through XIII); violation of California's Unfair Competition Law, CAL. BUS. CODE § 17200 (Claim for Relief XIV); "Unjust, Uncompensated Takings" in violation of the Fourteenth Amendment (Claim for Relief VII); and a claim for unjust enrichment (Claim for Relief XVII). (*See generally* ECF No. 86.)

After considering the parties' briefings, the Court dismissed all claims in the SAC with prejudice. (ECF No. 126.) Plaintiff now asks that the Court reconsider that order pursuant to FRCP 59(e) and 60(b). (ECF No. 134-1.) For the reasons detailed below, the Court **DENIES** Plaintiff's motion for reconsideration.

## C. Analysis

### i. Whether the Court Applied the 12(b)(6) Standard Erroneously.

---

[2] As the factual and procedural history of this matter is both lengthy and familiar to the parties, it is not set out here in full. Additional information may be found in the Background Section of ECF No. 126.

Plaintiff contends that the Court must reconsider its final order granting Defendants' motions to dismiss the SAC because it erred in applying the *Iqbal*/*Twombly* standard. Plaintiffs asserts that the Court (1) did not assume the truth of Plaintiff's allegations in the SAC, (ECF No. 134-1 at 8); (2) did not take judicial notice of certain exhibits, (ECF No. 134-1 at 8–9 (citing ECF No. 65-1, Ex. 28; ECF No. 68-1, Exs. 31–33)); and (3) improperly reviewed the complaint under FRCP 12(b)(6), (ECF No 134-1 at 12–13). Relatedly, Plaintiff contends that the Court earlier abused its discretion by failing to clarify how Plaintiff could cure the FAC's deficiencies. (ECF No 134-1 at 10.)

Plaintiff's arguments lack merit. First, Plaintiff does not point to any specific allegation that the Court failed to take as true. (*See* ECF No. 134-1 at 8). Second, Plaintiff's argument based on judicial notice addresses exhibits submitted in response to Defendants' motions to dismiss the FAC and not the SAC. (*See* ECF No. 134-1 at 8 n.4) But, the Court already dismissed the FAC and ruled on Plaintiff's subsequent motion for reconsideration. (ECF Nos. 75, 85 at 4–5). Plaintiff's instant motion cannot be used "to relitigate old matters." *Exxon Shipping Co.*, 554 U.S. at 485 n.5.

Third, Plaintiff misapprehends the standard on a motion to dismiss. Plaintiff claims that "test[ing] the sufficiency of the (amended) complaint under FRCP 12(b)(6) . . . was totally inappropriate given the lessened standard applied to the complaints prepared . . . by pro se litigants." (ECF No. 134-1 at 12).[3] This argument is simply wrong. While complaints drafted by pro se litigants are to be liberally construed, they must still plead facts that "plausibly give rise to an entitlement to relief," C*app v. Cty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019), and, even on "a liberal interpretation," the Court "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Thus, the Court properly

---

[3] Plaintiff also claims that the Court erroneously applied FRCP 9. (ECF No. 134-1 at 13.) But, Plaintiff cannot have it both ways, and the Court's order does not once mention FRCP 9. (ECF No. 126.)

dismissed the SAC for "failure to cure the deficiencies previously identified" under FRCP 12(b)(6). (ECF No. 126 at 14.)

Lastly, Plaintiff's argument that the Court did not adequately identify the complaint's deficiencies for Plaintiff fails because it presents no new argument for reconsideration. (*Compare* ECF No 134-1 at 10 *with* ECF No. 80-1 at 10–16.) Plaintiff's request, moreover, would compel the Court to act as counsel counter to Ninth Circuit law. (*See* ECF 85 at 2–3 (citing *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007)).

Consequently, the Court **DENIES** reconsideration finding it correctly applied FRCP 12(b)(6) in its final order. (ECF No. 126.)

### ii. Whether the Court Erred in Dismissing the SAC with Prejudice.

Plaintiff also contends that the Court must reconsider its decision to dismiss the SAC with prejudice. Specifically, Plaintiff asserts that the Court failed to recognize "the so-called deficiencies in the amended complaint could be cured by amendment," (ECF No 134-1 at 10) and that Plaintiff was unfairly "granted <u>one opportunity</u> to amend the first amended complaint." (ECF No 134-1 at 114–15) (emphasis in original).

Again, Plaintiff's arguments are not persuasive. A court may deny leave to amend where plaintiff fails to cure the deficiencies in a complaint, or an amendment would be futile. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court has "broad" discretion to permit or deny leave, particularly "where a plaintiff has previously amended the complaint." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Here, the Court addressed each of plaintiff's claims and found that any further amendment would be futile, or was not merited, given Plaintiff's failure to cure the already-identified deficiencies in her claims. (ECF No. 126 at 24–26, 34, 40, 49–50.) Now, Plaintiff neither explains how the SAC could be amended, nor why the SAC pleads sufficient, plausible facts for her claims to survive. Plaintiff's claims are futile.

Thus, the Court **DENIES** reconsideration on the ground that Plaintiff did not then – and does not now – adequately explain how the complaint could be amended to survive.

12

### iii. Whether the Court Erred in Dismissing the Infringement Claims.

Plaintiff also asserts that the Court is "erroneously fixated on the notion that Plaintiffs are attempting to assert patent rights over an 'idea,' wheres (sic) Plaintiffs have alleged copyright . . . infringement amongst other claims in the SAC." (ECF No. 134 at 11.) Plaintiff asks the Court to infer Defendants Roger Williams Medical Center LLC and Tufts concede infringement by not updating their provisional patent applications. (ECF No. 134-1 at 27–28.)[4]

Plaintiff's arguments here miss the mark. Defendants do not "infringe" by utilizing the ideas in Plaintiff's copyrighted articles since a copyright does not preclude others from using scientific methods or discoveries described in an article. (ECF No. 126 at 16–23; ECF No. 75 at 14–19). And, Plaintiff neither alleges what, if anything, constitutes copyrightable subject matter in her articles, nor that Defendants copied her articles verbatim – the only two ways to establish this claim. *See CCC Information Services, Inc. v. Maclean Hunter Market Reports, Inc.*, 44 F.3d 61, 73 (2d Cir. 1994). Consequently, as Plaintiff again fails to explain how the facts she alleges make out a claim, the Court **DENIES** reconsideration as to her copyright infringement claims.

### iv. Whether the Court Erred in Dismissing the Trade Secret Claims.

Plaintiff also asks for reconsideration of the dismissal of her trade secret claims. Specifically, Plaintiff asserts that the submission of the copyright articles with the Copyright Office occurred after Defendants' infringement. (ECF No. 134-1 at 19.) So, according to Plaintiff, her "trade secrets" were not made public by Plaintiff's submission. (ECF No. 134-1 at 19.) Also, Plaintiff asserts that work submitted to the Copyright office, unlike work submitted to the US Patent Office, does not automatically lose trade secret protection, contrary to the Court's reasoning in the final order. (ECF No. 134-1 at 19–20.)

---

[4] Plaintiff's last argument here is pure speculation and is contradicted by Defendant's assertion that any such decision was based on the needs of the business.

13

Here, Plaintiff's arguments are not convincing. Plaintiff's arguments in the instant motion do not cure the deficiencies in the SAC, namely, that (1) Plaintiff does not identify a specific trade secret; (2) Plaintiff shared her articles with Dr. Junghans; and (3) Plaintiff shared her articles with the United States Copyright Office without alleging redaction. (ECF No. 136 at 25–26.) Consequently, Plaintiff does not state facts giving rise to a trade secrets claim, *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984) (requiring that an individual identify and not disclose the specific trade secret), and thus the Court **DENIES** reconsideration of these claims.

### v. Whether the Court Erred in Dismissing the Takings Claim.

With respect to the takings claim, Plaintiff reiterates the idea that "Defendants Richard Paul Junghans and Steven C. Katz received monies that should have been paid" to Plaintiff, and thus they are liable to Plaintiff for an unconstitutional taking. (ECF No. 134-1 at 15.) The Court has twice dismissed this claim with prejudice on the same grounds: that, absent some exceptions inapplicable here, a takings claim only arises in the wake of government action. (ECF No. 126 at 41; ECF No. 75 at 32–33); *see Single Moms, Inc. v. Montana Power Co.*, 331 F.3d 743, 746–47. Thus, the Court again **DENIES** reconsideration on the takings claim as Defendants are private entities.

### vi. Whether Plaintiff's New "Evidence" Merits Reconsideration.

Plaintiff asks that the Court reconsider its judgment based on nine documents cited as "newly discovered evidence." (ECF No. 134-1 at 21–22.) Plaintiff, however, merely lists these documents in a table and makes no effort to explain how they "likely would have changed the outcome of the" motions to dismiss. *Jones v. United States*, 81 F. App'x 209, 210 (9th Cir. 2003). A reason for reconsideration, moreover, is not self-evident from the documents. Consequently, the Court **DENIES** reconsideration under FRCP 60(b)(2).

### vii. Whether Defendants Committed a Fraud Meriting Reconsideration.

Plaintiff contends that the Court must reconsider dismissing the SAC because

Defendants have allegedly engaged in "fraud." Fed. R. Civ. Pro. 60(b)(2); (ECF No. 134-1 at 22–26.) Specifically, Plaintiff alleges that Sorrento Therapeutics, Inc. failed to disclose its decision to assign various patents and patent applications to Chase Bank. (ECF No. 134-1 at 22–24.) Also, Plaintiffs allege that Sorrento Therapeutics, Inc. failed to disclose its intent to engage in an initial public offering of its "TNK subsidiary, or its CAR T cell immmunooncology subsidiary." (ECF No. 134-1 at 25.)

"Under Rule 60(b)(3), the moving party must establish by clear and convincing evidence that a judgment was obtained by fraud, misrepresentation, or misconduct, and that the conduct complained of prevented the moving party from fully and fairly presenting the case." *Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1338 (9th Cir. 1986). Plaintiff must also show that the Rule 60(d) action is necessary "to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998).

Here, Plaintiff has not established fraud under these standards. First, it is not clear that Defendants' actions constitute fraud. Defendants assert that they had no duty to disclose this information, and Plaintiff cites no authority to the contrary. (ECF No. 134-1 at 17–21; ECF No. 144 at 5; 147 ECF No. 1–7.) Second, Plaintiff assumes the materiality of these alleged non-disclosures. However, Plaintiff does not explain how having pled this information in the SAC would have permitted any of its now-defunct claims to survive. Consequently, the Court **DENIES** reconsideration under FRCP 60(b)(3).

### viii. Whether There Exists "any other reason that justifies relief."

Lastly, Plaintiff takes umbrage with the perceived slight that she was "ridiculed" by the Court for including the phrase "copyrightable expression" in the SAC. (ECF No 134-1 at 10–11 (citing ECF No. 126 at 17.) The Court did not "ridicule" Plaintiff in its final order and was merely summarizing her complaints and motions. Also, Plaintiff's assertions of a due process violation ring hollow given the ample process afforded to Plaintiff vis-à-vis her many requests for accommodations, substantive motions, and

15

subsequent motions for reconsideration. (ECF No. 147 at 8.) Consequently, the Court **DENIES** reconsideration under FRCP 60(b)(6).

## III. Conclusion

In sum, the Court finds that no reasonable person would conclude that the Court's "impartiality might reasonably be questioned," 28 U.S.C. § 455(a), and that Plaintiff has not provided sufficient reasons to reconsider the Court's dismissal of the SAC. Consequently, Plaintiff's motions for reconsideration and recusal are **DENIED**.

The Court **VACATES** the hearing set in this matter for December 20, 2019.

**IT IS SO ORDERED.**

Dated: December 17, 2019

*[signature]*

Hon. Gonzalo P. Curiel
United States District Judge